## Torres v. Gillick

C.P. of Lackawanna County, no. 95-CV-1786.

*Randolph T. Borden,* for plaintiff.

*Mark T. Perry,* and *Paul J. Wylam,* for defendant Gillick.

*Michael P. Perry* and *Joseph T. Healey,* for defendant CMC.

MINORA, *J.,* December 21, 1999—

## FACTS

This matter comes before the court by way of the defendants' motions for summary judgment, and arises out of a medical malpractice claim instituted by Mr. Patrick Torres against both defendants on April 17, 1999. The plaintiff alleges that defendant Dr. Alan Gillick, working as an agent of defendant Community Health Center, negligently implanted "pedicle screws" in the plaintiff's spine during a procedure called an "L5-S1 instrumented fusion with iliac crest bone graft." The pedicle screws were implanted to act as an internal brace to support the plaintiff's spinal column. The plaintiff claims that the screws have not properly performed their task, and, consequently, interfered with the proper bone graft taking hold.

More pertinent to the subject matter of this opinion, a pretrial conference before Judge Terrance Nealon was held on July 27, 1997. Pursuant thereto, Judge Nealon issued an order requiring all discovery to be completed by December 31, 1998, and plaintiff's expert reports were to be submitted to opposing counsel by March 1, 1999. To date, the plaintiff has never produced the expert reports. The defendants argue that because the deadline for the plaintiff's expert reports has passed, the plaintiff is time barred from using said expert reports at trial. Furthermore, because this is a medical malpractice case,

without the expert reports, the plaintiff cannot make his case, leaving no genuine issue of material fact to be determined. This is the basis for the defendants' motion for summary judgment.

## STANDARD OF REVIEW

A party may move for summary judgment after pleadings are closed in two situations. First, when there is no genuine issue of material fact that could be established by additional discovery, and second, after discovery, if an adverse party bearing the burden of proof has failed to produce evidence of essential facts so as to warrant the submission of the issue to a jury. Pa.R.C.P. 1035.2; *Fazio v. Fegley Oil Co. Inc.,* 714 A.2d 510, 512 (Pa. Commw. 1998). Further, under the revised rules, a court may grant summary judgment where it is clear and free from doubt that the moving party is entitled to judgment as a matter of law. *Boyer v. Walker,* 714 A.2d 458, 459 (Pa. Super. 1998); *Cappelli v. York Operating Co. Inc.,* 711 A.2d 481, 483 (Pa. Super. 1998) (en banc). When making this determination, the trial court must consider the evidence in a light most favorable to the non-moving party. Pa.R.C.P 1035.1-1035.4; *Harman on Behalf of Harman v. Borah,* 720 A.2d 1058, 1061 (Pa. Super. 1998); *Sebelin v. Yamaha Motor Corp. USA,* 705 A.2d 904, 907 (Pa. Super. 1998).

Rule 1035.3(a) requires that the adverse party file a response setting forth the facts in dispute within 30 days after the service of the motion for summary judgment. Pa.R.C.P. 1035.3(a); *Henninger v. State Farm Insurance Co.,* 719 A.2d 1074, 1076 (Pa. Super. 1998); *Stilp v. Hafer,* 701 A.2d 1387, 1390 (Pa. Commw. 1997). Where a motion for summary judgment has been properly supported with corroborating documentation, the adverse

party must demonstrate by specific facts contained within their depositions, answers to interrogatories, admissions or affidavits that there is a genuine issue of material fact for trial. *Sovich v. Shaughnessy*, 705 A.2d 942, 944 (Pa. Commw. 1998), citing *Marks v. Tasman*, 527 Pa. 132, 135, 589 A.2d 205, 206 (1991).

## DISCUSSION

Judge Nealon's order dated July 27, 1998 reads in pertinent part, "it is hereby ordered and decreed that discovery shall be completed on or before December 31, 1998; plaintiff's experts [sic] reports are due on or before March 1, 1999; defendants have 60 days after receipt of plaintiff's expert reports in which to provide expert reports to plaintiff's counsel." It is undisputed that the plaintiff has not provided his expert reports within the time frame of the order. The defendants argue that this would preclude the plaintiff from using expert testimony at trial. We do not agree, because to do so would divest Judge Nealon of his discretion to reconsider, extend or reschedule the time limit.

The Pennsylvania Rules of Civil Procedure govern the discovery of expert testimony. Rule 4003.5 reads in pertinent part:

"An expert witness whose identity is not disclosed in compliance with subdivision (a)(1) of this rule shall not be permitted to testify on behalf of the defaulting party at the trial of the action. However, if the failure to disclose the identity of the witness is the result of extenuating circumstances beyond the control of the defaulting party, the court may grant a continuance or other appropriate relief." Pa.R.C.P. 4003.5(b) (1999).

The rules also provide that "[t]he court may, on motion, make an appropriate order if . . . a party or person

otherwise fails to make discovery or to obey an order of court respecting discovery." Pa.R.C.P. 4019(a)(1)(viii) (1999). The rules provide for the following applicable sanctions.

"(1) an order that the matters regarding which the questions were asked, . . . or any other designated fact shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

"(2) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting such party from introducing in evidence designated documents, things or testimony . . .;

"(3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or entering a judgment of non pros or by default against the disobedient party or party advising the disobedience;

"(4) an order imposing punishment for contempt . . .;

"(5) such order with regard to the failure to make discovery as is just." Pa.R.C.P. 4019(c)(1-5) (1999).

These rules do not require the trial court to preclude testimony. Instead, the trial court must balance the facts and circumstances of each case to determine the prejudice to each party. *Werner by Werner v. Commonwealth, Department of Public Welfare,* 109 Pa. Commw. 134, 139, 530 A.2d 1004, 1007 (1987), citing *Feingold v. SEPTA,* 512 Pa. 567, 573, 517 A.2d 1270, 1273 (1986). This is in contravention to the defendants' assumption that the plaintiff is automatically precluded from using his expert testimony for failing to comply with Judge Nealon's court order. To automatically assume the defendants' position in this and other instances could lead to draconian results for an injured plaintiff.

Furthermore, when a discovery sanction is imposed, the sanction must be appropriate when compared to the violation of the discovery rules. *Steinfurth v. LaManna,* 404 Pa. Super. 384, 388, 590 A.2d 1286, 1288 (1991), citing *Pride Contracting Inc. v. Biehn Construction Inc.,* 381 Pa. Super. 155, 553 A.2d 82 (1989). To determine whether a sanction is appropriate, the Superior Court in *Steinfurth* looked to the following factors. First, the court examined the party's failure in light of the prejudice caused to the opposing party and whether the prejudice could be cured. Second, the court examined the defaulting party's willfulness or bad faith in failing to comply with the discovery order. Third, the court considered the number of discovery violations. Finally, the court considered the importance of the precluded evidence in light of the failure.

In the present case, the defendants have made no arguments as to whether they will be prejudiced by the plaintiff's late presentation of their expert reports. Nor have the defendants accused the plaintiff of bad faith. Furthermore, this is the first discovery violation made by the plaintiff. Finally, because this is a medical malpractice case, to preclude the plaintiff's expert testimony would be severely damaging, if not fatal, to the plaintiff's case. All of these factors mitigate against precluding the plaintiff from using expert testimony. Therefore, this court feels that a less harsh sanction is warranted.

The defendants' motion for summary judgment hinges upon the faulty and ill-advised assumption that the plaintiff's expert testimony has been automatically precluded. This decision is for Judge Nealon to decide. As discussed above, this court believes this would be too harsh of a sanction under the present facts of this case. As such, the defendants' motion for summary judgment

is denied. However, because the plaintiff has violated an order of the court he shall be ordered to appear before the court (per Judge Nealon) to show cause why he should not be held in contempt for his failure to meet the temporal deadline. At that time a new schedule may be established to provide the plaintiff with additional time to provide his expert reports, if the court so chooses in the exercise of its discretion.

An appropriate order will follow this opinion.

## ORDER

And now, to wit, December 21, 1999, it is hereby ordered and decreed that the defendants' motion for summary judgment is denied. It is further ordered that the plaintiff shall appear before the court (per Judge Nealon) to give cause why he should not be held in contempt for violating the July 27, 1997 court order. At the time of this hearing, the court may choose to set a new schedule to provide the plaintiff with additional time to produce his expert reports.